UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
LIVING THE DREAM FILMS, INC.,                               :
                                         Plaintiff,         :
                                                            :          20 Civ. 6982 (LGS)
                 -against-                                  :
                                                            :          OPINION AND ORDER
ALORIS ENTERTAINMENT, LLC and JOHN                          :
SANTILLI,                                                   :
                                         Defendants.        :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

## I. Background

WHEREAS, on January 28, 2021, the Court entered default judgment in favor of Plaintiff Living the Dream Films, Inc. on claims under the Securities Exchange Act and claims for fraud, fraud in the inducement and breach of contract asserted against Defendants Aloris Entertainment, LLC, and John Santilli.

WHEREAS, by separate order dated January 28, 2021, this matter was referred to Magistrate Judge James Cott for an inquest on damages.

WHEREAS, Plaintiff timely filed proposed findings of fact and conclusions of law and briefing in support, and Defendants did not file materials in opposition.

WHEREAS, on September 24, 2021, Judge Cott issued a Report and Recommendation (the "Report"). The Report recommends awarding following damages to Plaintiff on its breach of contract claim: (1) $200,000 in compensatory and restitution damages; (2) prejudgment interest at a rate of 9% per annum; (3) post-judgment interest pursuant to 28 U.S.C. § 1961 and (4) $12,816 in reasonable attorney's fees and costs. The Report recommends finding that Claims One and Two (fraud under § 10(b) and § 20(a) of the Exchange Act and Rule 10b-5) and Claims Three and Four (fraud and fraud in the inducement under New York law) are not well-pleaded

1

under Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act, and therefore cannot create liability upon Defendant's default.

WHEREAS, on October 8, 2021, Plaintiff filed timely objections (the "Objection") to the Report.

## II.  Standard of Review

WHEREAS, in reviewing a report and recommendation of a magistrate judge, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  A district judge is required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to" by any party.  Fed. R. Civ. P. 72(b); *United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015).

WHEREAS, "[t]o invoke de novo review of the magistrate judge's recommendations, a party's objections must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *McDonough v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009) (internal quotation marks omitted).  "When a party makes only conclusory or general objections, or simply reiterates his original arguments, the court reviews the report and recommendation strictly for clear error." *Piligian v. Icahn School of Med. at Mount Sinai*, 490 F. Supp. 3d 707, 715 (S.D.N.Y. 2020) (internal quotation marks omitted).

## III.  Discussion

### A.  The Fraud Claims and Lost Profits Damages

WHEREAS, Plaintiff makes only conclusory or general objections to the Report's recommendation that Claims One, Two, Three and Four -- the common law and Exchange Act fraud claims -- are not well-pleaded and cannot create liability upon Defendant's default. Plaintiff objects to the legal standard the Report applies, that damages may only be awarded on

the well-pleaded allegations of the Complaint.  Plaintiff fails to cite any law providing an alternative legal standard and makes only conclusory and general objections to the standard.  Instead, Plaintiff relies on its belief that liability for all damages sought follows entry of default.  Such an argument, relying on mere belief, rather than the law, is merely perfunctory and insufficient for invoking de novo review.  *See Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) ("Objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review.") (internal quotation marks omitted) (alteration in original).

The Objection argues that each of the cases cited by the Report in support of the legal standard did not follow an entry of default judgment.  This argument is contradicted by a review of the cases.  For example, in *Related Companies, L.P. v. Ruthling*, No. 17 Civ. 4175, default judgment was granted at Dkt. No. 129 on December 19, 2017, and the damages inquest took place thereafter.  In *Galeana v. Lemongrass on Broadway Corp.*, No. 10 Civ. 7270, judgment was entered against Defendants following the issuance of a Clerk's Certificate of Default at Dkt. No. 14 on April 17, 2012, and a damages inquest took place thereafter.  In both of those cases, the damages inquest was conducted under the same well-pleaded standard applied in the Report.

The Objection does not object to any specific application of the well-pleaded standard to the Complaint, nor could it.  As to the Securities Exchange Act Claims, the Report correctly finds that the Complaint and inquest papers fail to identify specific statements that were fraudulent, as required by the PSLRA.  The PSLRA requires "that 'securities fraud complaints specify each misleading statement; that they set forth the facts on which [a] belief that a statement is misleading was formed; and that they state with particularity facts giving rise to a

3

strong inference that the defendant acted with the required state of mind.'" *Anschutz Corp. v. Merrill Lynch & Co.*, 690 F.3d 98, 108 (2d Cir. 2012) (alteration in original) (quoting *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 345 (2005)); *accord In re Aegean Marine Petroleum Network, Inc. Sec. Litig.*, No. 18 Civ. 4993, 2021 WL 1178216, at *24 (S.D.N.Y. Mar. 29, 2021). As to the common law fraud claims, the Report correctly finds that the Complaint fails to adequately plead fraud because, among other things, it does not specify the allegedly fraudulent statements, as required by Rule 9(b). "[T]o satisfy Rule 9(b), a 'complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Aquino v. Alexander Capital, LP*, No. 21 Civ. 1355, 2021 WL 3185533, at *12 (S.D.N.Y. July 27, 2021) (quoting *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006)).

WHEREAS, the Report correctly finds that no damages should be awarded on Plaintiff's securities and common law fraud claims because those claims are not well pleaded. Plaintiff's specific objection to the Report's analysis of punitive damages for fraud and fraud in the inducement does not need to be reached because, as the Report correctly states, Plaintiff is not entitled to any damages with respect to those claims.

B. Prejudgment Interest

WHEREAS, Plaintiff makes specific and non-conclusory objections to the Report's recommendation that prejudgment interest be awarded on Plaintiff's breach of contract damages from April 14, 2019, the midpoint date between the parties' execution of the Term Sheet and the filing of the Complaint. Plaintiff contends that prejudgment interest should be awarded from November 30, 2017, the date the parties executed the Term Sheet.

WHEREAS, under New York law, a plaintiff is entitled to prejudgment interest on its breach of contract damages.  CPLR § 5001(a); *Midwood Junction v. Puerto del Sol Int'l Inv., S.A.*, No. 15 Civ. 5181, 2016 WL 8905357, at *4 (S.D.N.Y. Dec. 5, 2016) ("Under New York law, a plaintiff who prevails on a claim for breach of contract is entitled to prejudgment interest as a matter of right." (internal quotation marks omitted)), *adopted as modified on other grounds* 2017 WL 1857248 (May 4, 2017).  Prejudgment interest accrues at a rate of nine percent per annum, CPLR § 5004, and "*shall* be computed from the earliest ascertainable date the cause of action existed."  CPLR § 5001(b) (emphasis added).  But, "[w]here such damages were incurred at various times, interest shall be computed . . . from a single reasonable intermediate date."  *Id.*

WHEREAS, a court has wide discretion in selecting a reasonable intermediate date from which to compute prejudgment interest.  *Conway v. Icahn & Co.*, 16 F.3d 504, 512 (2d. Cir. 1994); *accord Nasdaq, Inc. v. Exchange Traded Managers Grp.*, 431 F. Supp. 3d 176, 275 (S.D.N.Y. 2019). Under New York law, a cause of action for breach of contract accrues, and prejudgment interest is computed from, the date of the breach.  *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.*, 727 F. Supp. 2d 256, 295 (S.D.N.Y. 2010).

WHEREAS, Plaintiff's argument that November 30, 2017, is the appropriate date from which to compute prejudgment interest because the investment was a scam from the start is unavailing.  Breach of the term sheet and Plaintiff's damages occurred at various times when Defendants failed to provide to Plaintiff the quarterly distributions required under the agreement, or, alternatively, return Plaintiff's investment of $200,000.  The Objection does not point to any facts regarding when the initial breach occurred, and, as the Report notes, none are in the record.  To overcome this absence of facts Plaintiff argues the breach occurred at the date of signing of

5

the contract because of fraud.  For the reasons stated above, the Complaint does not adequately plead fraud, so this argument is unsupported.

WHEREAS, the Court agrees with the Report that April 14, 2019, is a reasonable intermediate date from which to compute prejudgment interest.

C. Attorney's Fees and Costs

WHEREAS, Plaintiff makes only conclusory or general objections to Judge Cott's recommendation that Plaintiff is entitled to $12,816 in attorneys' fees.  The Objection states that "counsel for Plaintiff is shocked that Magistrate Judge Cott would reduce Plaintiff's modest $15,920 fees and costs request by 20%."  The Objection does not make any specific arguments about the fees award and fails to cite any law.

WHEREAS, the Court finds no clear error with respect to this recommendation.  It is hereby

**ORDERED and ADJUDGED** that the Report is ADOPTED and the Objection is OVERRULED.   Plaintiff shall be awarded (1) $200,000 in compensatory and restitution damages, (2) $12,816 in reasonable attorneys' fees and cost and (3) prejudgment interest at a rate of 9% per annum on the $200,000 award from April 14, 2019, to the date of entry of judgment to be calculated by the Clerk of Court, for which Defendants are jointly and severally liable.  If delinquent, Defendants shall pay post-judgment interest pursuant to 28 U.S.C. § 1961.  It is further

**ORDERED** that Plaintiff's request to supplement his attorneys' fees award request is DENIED because it is unsupported by any legal citations and the Objection is overruled.  It is further

**ORDERED** that Plaintiff's request to serve a supplemental brief is DENIED. Plaintiff has not provided any basis for finding that it should be entitled to supplement its objections if they are overruled.

The Clerk of Court is respectfully directed to enter judgment and to close the case.

Dated: December 7, 2021
      New York, New York

                                      **LORNA G. SCHOFIELD**
                                    **UNITED STATES DISTRICT JUDGE**